# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TOMMY HILFIGER LICENSING LLC, | Case No. 17-cv-04743 |
| Plaintiff, | **Judge Samuel Der-Yeghiayan** |
| v. | **Magistrate Judge Jeffrey Cole** |
| ZHILI HUANG, et al., | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Tommy Hilfiger Licensing LLC ("Tommy Hilfiger") requests this Court's authorization to serve process by electronically publishing a link to the Amended Complaint, the Temporary Restraining Order, and other relevant documents on a website to which the Defendant Domain Names that are transferred to Tommy Hilfiger's control will redirect, and/or by sending an e-mail to the e-mail addresses identified in Exhibits 2 and 3 to the Declaration of Alastair Gray and any e-mail addresses provided for Defendants by third parties that includes a link to said website. Tommy Hilfiger submits that providing notice via electronic publication and/or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because the Defendants, on information and belief: (1) have provided incomplete and/or false names and physical address information in their registrations for the Defendant Internet Stores in order to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic

1

communications to communicate with their third party service providers and customers, demonstrating the reliability of this method of communication by which the Defendants may be apprised of the pendency of this action. Authorizing service of process solely via e-mail and/or electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Tommy Hilfiger will almost certainly be left without the ability to pursue a final judgment.

According to Section 3.7.7.1 of the Registrar Accreditation Agreement established by the Internet Corporation for Assigned Names and Numbers ("ICANN"), an individual or entity that registers a domain name is required to provide "accurate and reliable contact details and promptly correct and update them during the term of the … registration, including … postal address." *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2. An investigation of the WhoIs information for each of the respective Defendant Domain Names for which registration information is available reveals that Defendants have ignored the applicable ICANN regulations and provided incomplete and/or false physical address information to the domain name registrars in order to avoid full liability. *Id.* at ¶ 3. For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, fail to include cities or states, or use a privacy service that conceals this information. *Id.* Identical contact information among multiple domain names also suggests that many of the aliases used to register the Defendant Domain Names are used by the same individual or entity. *Id.*

Despite providing false physical addresses, the registrants of the Defendant Domain Names must generally provide an accurate e-mail address so that their registrars may communicate with them regarding issues related to the purchase, transfer, and maintenance of the various accounts.

Likewise, Online Marketplace Account operators accepting PayPal must provide a valid e-mail address to customers for completing payment. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their Internet Store to ensure it is functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Similarly, a number of Courts, including the Northern District of Illinois, have held that alternate forms of service pursuant to Rule 4(f)(3), including e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Id.* at 1018; s*ee also, Deckers Outdoor Corporation v. The Partnerships, et al.,* No. 15-cv-3249 (N.D. Ill. April 4, 2015) (unpublished) (Order granting *Ex Parte* Motion for Temporary Restraining Order, which included permission to serve electronically). Tommy Hilfiger submits that allowing service solely by e-mail and/or electronic publication in the present case is appropriate and comports with constitutional notions of due process, particularly given the decision by Defendants to conduct their activities online and anonymously.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule

4(f)(3). *Rio Props.* 284 F.3d at 1014-15. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* As such, this Court may allow Tommy Hilfiger to serve Defendants via electronic publication and/or e-mail.

Additionally, Tommy Hilfiger is unable to determine the exact physical whereabouts or identities of Defendants due to their provision of incomplete and/or false street addresses. Tommy Hilfiger, however, has good cause to suspect the Defendants are all residents of China, Taiwan, and/or Indonesia. The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). Gaudio Declaration at ¶ 4.

However, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id.* As such, United States District Courts, including in this District, routinely permit alternative service of process notwithstanding the applicability of the Hague Convention. *See e.g.*, *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *see also Levi Strauss & Co., v. Zhejiang Weidu Garment Co., Ltd. et al.,* No. 16-cv-7824 (N.D. Ill. Nov. 17, 2016) (unpublished). The Hague Convention also does not preclude service by e-mail, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit e-mail service. Gaudio Declaration at ¶ 4. In addition, the law

of the People's Republic of China does not appear to prohibit electronic service of process. Gaudio Declaration at ¶ 5.

With respect to Indonesia and Taiwan, neither Indonesia nor Taiwan are parties to the Hague Convention, and there does not appear to be any treaties between these countries and the United States regarding service of documents. Thus, there are no international agreements prohibiting service by email. *DFSB Kollective Co., Ltd. v. Bing Yang*, No. C 11-1051 CW, 2013 U.S. Dist. LEXIS 46096, at *28 (N.D. Cal. Mar. 28, 2013; *Tatung Co. v. Shu Tze Hsu*, No. 2015 U.S. Dist. LEXIS 179201, at *8 (C.D. Cal. May 18, 2015).

For the reasons set forth herein, Tommy Hilfiger respectfully requests this Court's permission to serve Defendants via e-mail and/or electronic publication. In accordance with this request, the proposed Temporary Restraining Order includes authorization to serve Defendants electronically and provides for issuance of a single original summons[1] in the name of "Zhili Huang and all other Defendants identified in the Amended Complaint" that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

---

[1] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, <u>or may serve copies of a single original bearing the names of multiple defendants</u> if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993) (emphasis added).

Dated this 29th day of June 2017.				Respectfully submitted,


						/s/ Justin R. Gaudio
						Kevin W. Guynn
						Amy C. Ziegler
						Justin R. Gaudio
						Jessica L. Bloodgood
						Greer, Burns & Crain, Ltd.
						300 South Wacker Drive, Suite 2500
						Chicago, Illinois 60606
						312.360.0080
						312.360.9315 (facsimile)
						kguynn@gbc.law
						aziegler@gbc.law
						jgaudio@gbc.law
						jbloodgood@gbc.law

						*Counsel for Plaintiff*
						*Tommy Hilfiger Licensing LLC*